IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE JONES, | ) | Case No. 1:19-cv-93 |
| | ) | |
| Plaintiff | ) | |
| v. | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| BUREAU OF PRISONS and | ) | |
| LT. K. BACOTE, *Acting Disciplinary* | ) | MEMORANDUM OPINION AND ORDER |
| *Hearing Officer (DHO)*, | ) | ON DEFENDANTS' MOTION TO |
| | ) | DISMISS, OR, IN THE ALTERNATIVE, |
| Defendants | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | [ECF NO. 22] |

MEMORANDUM OPINION AND ORDER

I.     Introduction

Plaintiff Eddie Jones initiated this action on April 1, 2019.[1]  ECF No. 1.  In the operative

Amended Complaint filed on April 20, 2020, Jones seeks relief, presumably pursuant to *Bivens v.*

*Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for

violations of his rights under the Fifth, Sixth and Eighth Amendments to the United States

Constitution stemming from a disciplinary action against Jones while he was incarcerated at the

Federal Correctional Institution at McKean, Pennsylvania.  ECF No. 19.  As a result of the

disciplinary action, Jones lost 71 days of "good conduct time."  *Id.* at 1.  He seeks restoration of

the good conduct time, declaratory and injunctive relief and monetary damages.  *Id.* at 7-8.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

Defendants Bureau of Prisons and Lt. K. Bacote have filed a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. ECF No. 22. The motion has been fully briefed and is ripe for review. ECF Nos. 23, 25.

II.     Standards of Review

 A.     Motion to Dismiss

  1.     Rule 12(b)(1)

When the Court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional challenge. *Zhuo Zhang v. Chertoff*, 2006 WL 3254531, at *1 (W.D. Pa. Nov. 9, 2006). "In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Id.* (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977)).

In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the Court may consider that evidence and need only accept the plaintiff's uncontroverted allegations as true. *Id.* (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir. 1993) (internal citations omitted)). Whether the challenge is facial or factual, the plaintiff bears the burden of establishing that jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

  2.     Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a

motion to dismiss, the court is not opining on whether a plaintiff is likely to prevail on the merits; instead, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

B.    Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) requires a court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

In determining whether a genuine issue of material fact remains for trial, the court must consider the evidence and all reasonable inferences to be drawn therefrom in the light most

favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To defeat a properly supported motion for summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings but must identify evidence that demonstrates the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Furthermore, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The moving party may also rely upon the absence of evidence to support an essential element of the opposing party's claim as a basis for the entry of summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

III.    Analysis

    A.    Bureau of Prisons and Bacote (Official Capacity)

    Defendants first argue that Jones's *Bivens* claim should be dismissed against the Bureau of Prisons and Bacote in her official capacity because such liability only extends to individual government officials. ECF No. 23 at 10-12. Jones does not present any argument in opposition. This Court recently explained:

> In a § 1983 or *Bivens* action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins [v. Beyer]*, 293 F.3d [683] at 688 [(3d Cir. 2002)] (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." (quoting *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993))). However, there are limits to the court's procedural flexibility-"pro se litigants still must allege sufficient facts in their complaints to support a claim they cannot flout procedural rules-they must abide by

the same rules that apply to all other litigants." *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013) (citations omitted).

The federal government and its entities are not subject to *Bivens. Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979); *see Johnstone v. United States*, 980 F. Supp. 148, 151 (E.D. Pa. 1997) (Explaining that *Bivens* actions "may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies thereof.") It is also well settled that claims against federal officers/agents in their official capacities are deemed to have been brought against the United States, and are therefore barred by sovereign immunity, unless the United States has waived such immunity. *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (noting that a suit against an individual in his official capacity is tantamount to an action directly against the public entity which the official represents).

*Anson v. United States*, 2020 U.S. Dist. LEXIS 63433, at *5-6 (W.D. Pa. Apr. 6, 2020).

Accordingly, the Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, will be granted as to the *Bivens* claims against the Bureau of Prisons, a federal entity, and against Bacote in her official capacity. These claims are dismissed with prejudice.

Jones does not specifically identify the capacity in which he is suing Bacote. While it appears that he is suing her in her official capacity from references to her in the Amended Complaint, *see* ECF no. 9 at 7 (seeking a declaratory judgment concerning Bacote's actions "while acting as a DHO officer,") and from his failure to contest Defendants' assertion that the Amended Complaint should be construed as raising claims against Bacote in her official capacity, ECF no. 23 at 11, the Court will nonetheless address the claims against Bacote as if they were raised against her in her individual capacity.

B.      Bacote (Individual Capacity)

Jones alleges that Bacote, the hearing officer at his disciplinary hearing, violated his rights under the Fifth, Sixth and Eighth Amendments to the United States Constitution by her actions at the hearing. While Jones's allegations do not appear to support plausible claims for violations of

the Sixth Amendment (which applies only to criminal prosecutions, *see Wolff v. McDonnell*, 418

U.S. 539, 556 (1974)) or the Eighth Amendment (Jones alleges only cruel and unusual punishment

as a result of his due process rights being violated) and his Fifth Amendment claim does not appear

to state a permissible *Bivens* claim, none of these claims can be litigated at this juncture.

　　Because Jones is challenging the execution of his sentence, *i.e.*, seeking restoration of his

good conduct time, he must pursue such relief in a federal habeas corpus petition.  *Garcia v.*

*Jordan*, 667 Fed. Appx. 24 (3d Cir. 2016).  In *Garcia*, a federal inmate filed a civil rights complaint

claiming that prison officials fabricated a urine sample that tested positive for prohibited

substances which resulted in loss of 41 days of good conduct time.  *Id.*  In the civil rights action,

he sought restoration of his good time credit as well as monetary and punitive damages against

prison officials.  *Id.*  The Court of Appeals explained:

> It is well-established that an inmate can challenge the loss of good-time credits as
> a result of a prison disciplinary proceeding only through a habeas petition.  *See,*
> *e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439
> (1973) (explaining that habeas corpus is the exclusive remedy when a prisoner
> seeks "a speedier release from... imprisonment" through restoration of good-time
> credits).  Thus, [the plaintiff] must file a habeas corpus petition to challenge his loss
> of good-time credits.
>
> Additionally, [the plaintiff] must first succeed in having his good-time credits
> restored before he can seek damages against prison officials.  The Supreme Court
> has held that a state prisoner's claim for damages is not cognizable under 42 U.S.C.
> § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity
> of his conviction or sentence," unless the prisoner can show that the conviction or
> sentence has been invalidated.  *Edwards v. Balisok*, 520 U.S. 641, 643, 117 S. Ct.
> 1584, 137 L. Ed. 2d 906 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487,
> 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)).  The Court in *Heck* explained that the
> principle that civil tort actions are not the proper vehicles to challenge the validity
> of a criminal judgment applies to § 1983 damages actions that necessarily require
> the plaintiff to prove the unlawfulness of his conviction or confinement.  *Heck*, 512
> U.S. at 486.  Similarly, in *Balisok* the Supreme Court ruled that a claim for damages
> and declaratory relief, brought by a state prisoner challenging the validity of the
> procedures used in his disciplinary proceedings to deprive him of good-time credits,
> is not cognizable under § 1983 if a judgment in his favor would necessarily imply the
> invalidity of the loss of good-time credits.  *Balisok*, 520 U.S. at 643-46.  The

reasoning in *Heck* has been applied to bar civil rights claims against federal officials. *Lora-Pena v. FBI*, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam). Accordingly, as the District Court explained [the plaintiff] must first succeed in challenging his good-time sanction before he may bring his claims for damages.

*Garcia*, 667 Fed. Appx. at 24-25.

Thus, Jones's claims for relief as far as the duration of his confinement are dismissed without prejudice to any right he may have to pursue such arguments in a federal habeas petition. With respect to Jones's claims for monetary damages, they are premature and must be deferred until his underlying disciplinary proceeding is rendered invalid. If Jones successfully challenges the outcome of his disciplinary hearing, he may reassert his claims for damages in a new properly filed civil rights complaint.

IV.    Leave to Amend

District courts generally must allow a *pro se* plaintiff such as Jones leave to amend a deficient complaint prior to dismissal unless doing so would be futile. *See Gay v. City of Phila.*, 603 Fed. Appx. 87, 88 (3d Cir. 2015) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss." *Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, 609 Fed Appx. 88, 95 (3d Cir. 2015) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).

For the above-stated reasons, any attempt at amendment of the complaint in this action would be futile.

V.    Conclusion

For the reasons discussed herein, the following order is entered:

ORDER

AND NOW, this 18th day of November, 2020, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, ECF No. 22, is GRANTED.  The claims against the Bureau of Prisons and Lt. K. Bacote in her official capacity are dismissed with prejudice.  This action is otherwise dismissed without prejudice as set forth herein.  The Clerk of Court is directed to mark this case CLOSED.

RICHARD A. LANZILLO
United States Magistrate Judge